▬▬ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. HARRIS, Appellant. [701 NYS2d 195] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty to a superior court information (SCI) charging him with sodomy in the second degree (Penal Law § 130.45), sodomy in the third degree (Penal Law § 130.40), and possessing a sexual performance by a child (Penal Law § 263.16). Defendant contends that his waiver of indictment was invalid with respect to sodomy in the second degree and that his sentence is unduly harsh and severe.

Defendant was the subject of an investigation into numerous acts of molestation allegedly committed against several young boys. As a result of a search at his residence, police found numerous pictures, magazines and videos depicting young boys engaging in sexual acts. Defendant was arrested on felony complaints charging him with sodomy in the third degree committed in November 1997 and possessing a sexual performance by a child on January 7, 1998 as well as complaints charging him with two misdemeanors. Defendant confessed to certain acts and agreed to waive indictment and consented to be prosecuted by an SCI. The waiver covered two counts of sodomy in the second degree, in February and August 1993, and one count of possessing a sexual performance by a child on January 7, 1998. Defendant contends that the waiver of indictment was invalid with respect to sodomy in the second degree because it charged a higher crime than the felony complaint. We agree. We also note that the SCI differed from both the waiver of indictment and the felony complaint. The sodomy third charge in the felony complaint involved a different victim and a different date from the sodomy third charge in the SCI. The sodomy third charge in the felony complaint involved the same victim as one of the sodomy second charges in the waiver of indictment and the SCI but it involved a different incident that occurred some 4 1/2 years later.

Although defendant waived his right to appeal all issues except the sentence imposed, issues relating to alleged defects in the procedure for waiving indictment are not foreclosed by the waiver of appeal (*see, People v Boston,* 75 NY2d 585, 589, n 2). A defendant may waive indictment and consent to be prosecuted by an SCI (CPL 195.10). The offenses named in the waiver of indictment "may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith" (CPL 195.20). The SCI, which may not include an offense not named in the written waiver of indictment (*see,* CPL 200.15), must charge at least one offense for which defendant was held for Grand Jury action or a lesser included offense (*People v Menchetti,* 76 NY2d 473, 475). "[W]here 'joinable' offenses are included, the information must, at a minimum, also include at least one offense that was contained in the felony complaint" (*People v Zanghi,* 79 NY2d 815, 818).

The charge of possessing a sexual performance by a child was the only charge contained in the felony complaint that was also in the waiver of indictment and the SCI. Neither of the two sodomy counts charged in the waiver of indictment and

neither of the two sodomy counts charged in the SCI were the same as the single sodomy charge in the felony complaint. Therefore, the sodomy charges in the waiver of indictment must be joinable with the charge of possessing a sexual performance by a child in order to survive. The People argue that the sodomy offenses are joinable with the offense of possessing a sexual performance under CPL 40.10 (2) and 200.20 (2) (a) because all three offenses were part of the same criminal transaction. We disagree. Defendant's alleged possession in 1998 of illegal depictions of children engaged in sexual performances is not the same criminal transaction as sodomies committed over four years earlier, in 1993. Thus, both sodomy counts must be dismissed.

The further contention of defendant that the waiver of indictment was invalid because he was never held for action of the Grand Jury on the charges in the felony complaints is without merit. " 'Where, as here, the record of the plea proceedings indicates that the court was satisfied with the sufficiency of the waiver and that it executed an order to that effect (*see*, CPL 195.30), we may presume that the matter was properly before it' " (*People v Person*, 256 AD2d 1232, *lv denied* 93 NY2d 856, quoting *People v McCarthy*, 186 AD2d 1067, *lv denied* 81 NY2d 843). The waiver signed by defendant and his attorney stated that defendant had been held for action of the Grand Jury, and the order states that the court was satisfied that the waiver conformed to the statutory requirements. The presumption of regularity afforded judicial proceedings applies, and neither a silent record nor the court's reference to charges pending in local criminal court is sufficient to rebut the presumption (*see*, *People v Washington*, 138 AD2d 857, 858; *see also*, *People v Mitchell*, 243 AD2d 1005, *lv denied* 91 NY2d 928; *People v Chad S.*, 237 AD2d 986, *lv denied* 90 NY2d 856).

The sentence with respect to possessing a sexual performance by a child is neither unduly harsh nor severe. We modify the judgment by reversing defendant's conviction of sodomy in the second and third degrees under the first and second counts of the SCI, vacating the sentences imposed thereon and dismissing those counts of the SCI. (Appeal from Judgment of Cayuga County Court, Corning, J.—Sodomy, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.