UNITED STATES of America,
Appellee,

v.

Mark A. HARRIS, aka "Sealed
Defendant," Defendant–
Appellant.

No. 03–1342.

United States Court of Appeals,
Second Circuit.

Feb. 12, 2004.

Lawrence L. Kasperek, Rochester, New York, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Brenda K. Sannes, Assistant United States Attorney, on the brief), Syracuse, New York, for Appellee.

PRESENT: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Mark A. Harris ("Harris") appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York (Mordue, J.) for violations of the Protection of Children Against Sexual Exploitation Act of 1977, Pub.L. No. 95–225, 92 Stat. 7 (codified as amended at 18 U.S.C. § 2251 *et seq.* (2000))—particularly, 18 U.S.C. § 2252A(a)(5)(B), which prohibits the possession of child pornography. Harris previously was convicted in New York State court of two felony counts of sodomy involving minors and one misdemeanor count of possession of a sexual performance by a child. On appeal, the Appellate Division of the New York State Supreme Court reversed Harris's felony convictions because of ineffective waiver of indictment. *See People v. Harris,* 701 N.Y.S.2d 195, 267 A.D.2d 1008, 1010 (4th Dep't 1999). Harris subsequently was indicted in federal court with two counts of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Harris then filed motions to dismiss the indictment on various grounds, which the district court rejected. Following the dismissal of his motions, Harris pleaded guilty to both counts, reserving the right to appeal the district court's denial of his pretrial motions on three alleged grounds relevant to this appeal: vindictive prosecution, double jeopardy, and the unconstitutionality of the statute pursuant to which he was convicted. On appeal, Harris resurrects these arguments, plus one more: alleged pre-indictment delay. We reject each of these challenges.

First, Harris contends that the district court erred in failing to grant his motion to dismiss the indictment due to prejudicial pre-indictment delay. Harris, however, pleaded guilty to the indictment without reserving his right to appeal on this ground. As such, he has waived his right to appeal based on this argument. *See Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

■ Second, Harris argues that the district court erred in failing to dismiss the indictment due to vindictive prosecution. He asserts that (i) a presumption of vindictiveness applies because the federal prosecution stemmed from the same alleged course of conduct for which he was convicted in state court and began only after he prevailed on his state court appeal, and (ii) actual vindictiveness was evident because the United States Attorney's Office prosecuted Harris only after the state police brought the case to the attention of its office and because the federal prosecution was based on the perception of the United States Attorney's Office that Harris's state court sentence was too lenient. Both of these arguments lack merit.

A presumption of prosecutorial vindictiveness generally does not arise from the subsequent shift from a state to a federal prosecution. *See United States v. Johnson,* 171 F.3d 139, 142 (2d Cir.1999) (per curiam) (The "shift from state to federal jurisdiction is commonplace" and therefore not subject to a presumption of prosecutorial vindictiveness.); *United States v. Ng,* 699 F.2d 63, 68 (2d Cir.1983) ("[T]he fact that the prosecutions of the defendants are by two different sovereigns, each acting independently under its own laws and in its own interest without any control of or

by the other, renders inapplicable the concept of prosecutorial vindictiveness."). Therefore, Harris's argument that a presumption of vindictiveness "was established by the procedural history of the [s]tate [c]ourt proceedings," is unavailing.

Harris also has not made the showing necessary to sustain a claim of actual vindictiveness. To sustain such a claim, a petitioner must establish that "(1) the prosecutor harbored genuine animus toward the defendant, or was prevailed upon to bring the charges by another with animus such that the prosecutor could be considered a 'stalking horse,' and (2) he would not have been prosecuted except for the animus." *United States v. Koh*, 199 F.3d 632, 640 (2d Cir.1999) (citations omitted). Although the district court speculated that "[i]n all likelihood, [Harris] would not have been prosecuted by the federal government if he had served the entire sentence imposed" by the state trial court, the court concluded that the federal government was animated to prosecute Harris by its determination that "the state prosecution did not vindicate the substantial federal interest in protecting minors." The leniency of a prior sentence is a legitimate consideration in determining whether the federal interest has been vindicated by state proceedings. *See United States v. Arena*, 180 F.3d 380, 399–400 (2d Cir.1999) ("While [defendant] complains that the federal prosecution was motivated by the dissatisfaction of the United States Attorney with the leniency of the sentences imposed ... by the state court, that factor was plainly a permissible consideration in the assessment of whether the federal interests had been vindicated."). Further, the mere fact, without more, that the federal indictment of Harris was preceded by the state police's calling the case to the attention of the United States Attorney's Office does not demonstrate state control over the federal prosecution. *See, e.g.,*

*Koh*, 199 F.3d at 640 (finding actual vindictiveness not present in federal prosecution because the court-appointed receiver and a former prosecutor—who brought the case to the attention of the United States Attorney's Office—did not "ultimately prevail[ ] upon the U.S. Attorney's Office to seek an indictment").

■ Finally, Harris contends that his prosecution in federal court violates the Double Jeopardy Clause of the Fifth Amendment. U.S. Const. amend. V. It is well settled, however, that the Double Jeopardy Clause does not prohibit successive prosecutions of a defendant by independent sovereigns, grounded in the same alleged conduct. *See Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985) ("When a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offences." (omitting citations and internal quotation marks)). Harris argues, nevertheless, that this case falls within an exception to the independent sovereign doctrine for cases in which one sovereign exerts such control and domination over the acts of the other that prosecution by one sovereign is merely "a sham and a cover" for prosecution by the other. *Bartkus v. Illinois*, 359 U.S. 121, 124, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *see also United States v. Coonan*, 938 F.2d 1553, 1563 (2d Cir.1991) (applying *Bartkus* and finding exception inapplicable where, despite cooperation and coordination, sovereigns acted independently in indicting and prosecuting petitioner). But Harris fails to specify which particular acts here allegedly rise to the level of effective control, maintaining only that "the successive prosecution in this circumstance violated the Fifth Amendment prohibition provided within the Double Jeopardy Clause." We therefore agree with the district court's finding that the defendant has

made no factual showing that the federal prosecution was a "sham and cover" for the state prosecution.

Harris's challenge to the constitutionality of § 2252A(a)(5)(B) is considered in a separate opinion issued on the same date as this summary order.

For these reasons, the judgment of conviction of the district court is AFFIRMED.