■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE MCCLAIN, Appellant. [805 NYS2d 906]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered December 2, 2003. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the first degree (two counts) and attempted robbery in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of attempted robbery in the third degree and dismissing count three of the superior court information and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and one count of attempted robbery in the third degree (§§ 110.00, 160.05). Defendant waived indictment and consented to be prosecuted by superior court information (SCI), and he contends on appeal that the SCI was jurisdictionally defective with respect to the charge of attempted robbery in the third degree. Contrary to the People's contention, "preservation of defendant's contention is not required, nor did defendant waive his contention by his guilty plea" (*People v Kohl*, 19 AD3d 1155, 1156 [2005]; *see People v Zanghi*, 79 NY2d 815, 817 [1991]; *People v Boston*, 75 NY2d 585, 589 n [1990]). Moreover, "issues relating to alleged defects in the procedure for waiving indictment are not foreclosed by the waiver of [the right to] appeal" (*People v Harris*, 267 AD2d 1008, 1009 [1999]; *see People v Verrone*, 266 AD2d 16, 18 [1999]; *People v Black*, 253 AD2d 984 [1998], *lv denied* 92 NY2d 980 [1998]). On the merits, we agree with defendant that the SCI is jurisdictionally defective to the extent that it charges attempted robbery in the third degree, which under the circumstances was not properly joinable with the assault charges on which defendant was held for action of the grand jury (*see* CPL 195.20, 200.20 [2]; *Harris*, 267 AD2d at 1009-1010). We therefore modify the judgment accordingly.

Contrary to the further contention of defendant, we conclude that his waiver of the right to appeal is valid (*see generally People v Calvi*, 89 NY2d 868, 871 [1996]; *People v Callahan*, 80 NY2d 273, 280 [1992]). Although under the circumstances of this case that waiver does not encompass defendant's challenge to the severity of the sentence (*see People v Newman*, 21 AD3d 1343 [2005]; *People v Fehr*, 303 AD2d 1039, 1040 [2003], *lv denied* 100 NY2d 538 [2003]), we nevertheless conclude that the

sentence is not unduly harsh or severe. Present—Green, J.P., Scudder, Kehoe, Martoche and Pine, JJ.