■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JUNE, Appellant. (Appeal No. 1.) [817 NYS2d 799]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 22, 2003. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty, in satisfaction of an indictment, of robbery in the second degree (Penal Law § 160.10 [2] [b]), and in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty to a superior court information (SCI) of two counts of robbery in the first degree (§ 160.15 [2]). Defendant validly waived his right to appeal in connection with both pleas, and those waivers encompass the majority of defendant's contentions on appeal. We note in particular that Supreme Court imposed the bargained-for sentence in each matter, and that the waiver by defendant of the right to appeal encompasses his challenge to the severity of the sentences (see People v Lopez, 6 NY3d 248, 255-256 [2006]; People v Williams, 27 AD3d 594 [2006]), i.e., his contention that the sentences should run concurrently. The waiver of the right to appeal also encompasses the contention that defendant should be afforded youthful offender status (see People v Nichols, 21 AD3d 1273, 1274-1275 [2005], lv denied 6 NY3d 757 [2005]). Similarly,

defendant's challenge to the factual sufficiency of the plea allocution does not survive the waiver of the right to appeal (*see People v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]; *People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]).

The further contention of defendant that there is a jurisdictional defect in the waiver of indictment and in the SCI survives his waiver of the right to appeal (*see People v McClain*, 24 AD3d 1271, 1272 [2005]; *People v Harris*, 267 AD2d 1008, 1009 [1999]), but that contention is lacking in merit. Taking into account the obvious typographical error in the divestiture order of City Court, we note that the SCI properly contains an offense for which defendant was held for action of the grand jury (*see generally People v Zanghi*, 79 NY2d 815, 817 [1991]; *People v Menchetti*, 76 NY2d 473, 477 [1990]; *People v Boston*, 75 NY2d 585, 588 [1990]). The second offense listed in the SCI was properly joined to the offense for which defendant was held for action of the grand jury, inasmuch as the two offenses "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (*People v Clark*, 24 AD3d 1225, 1226 [2005]; *cf. McClain*, 24 AD3d at 1272; *see generally* CPL 200.20 [2] [c]).

To the extent that the contention of defendant that he was denied effective assistance of counsel survives his guilty plea and his waiver of the right to appeal (*see People v Fifield*, 24 AD3d 1221, 1222 [2005], *lv denied* 6 NY3d 775 [2006]), that contention concerns matters outside the record on appeal, and defendant must proceed by way of a motion pursuant to CPL 440.10 (*see People v Leno*, 21 AD3d 1399, 1400 [2005], *lv denied* 5 NY3d 883 [2005]; *People v Joyner*, 19 AD3d 1129 [2005]). Finally, we reject the contention of defendant that he was entitled to review the presentence report prior to sentencing and on this appeal. The record establishes that defendant was represented by counsel and that the presentence report was reviewed by defense counsel (*see* CPL 390.50 [2] [a]; *People v Vaughan*, 20 AD3d 940, 942 [2005], *lv denied* 5 NY3d 857 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.