■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS COLON, Appellant. [833 NYS2d 605]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Loehr, J.), rendered June 15, 2005, convicting him of a course of sexual conduct against a child in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the plea is vacated, Superior Court information No. 05-0126 is dismissed, and the matter is remitted to the County Court, Westchester County, for further proceedings on the felony complaint.

The defendant was charged, by felony complaint, with criminal sexual act in the first degree in violation of Penal Law § 130.50 (4), a class B violent felony (*see* Penal Law § 70.02 [1] [a]), on the basis of an act that allegedly took place sometime between November 1, 2004 and November 24, 2004. The superior court information upon which the defendant ultimately pleaded guilty instead charged course of sexual conduct against

a child in the first degree in violation of Penal Law § 130.75 (1) (b), also a class B violent felony (*see* Penal Law § 70.02 [1] [a]), based on acts committed between September 10, 2002 and September 10, 2004.

The single count contained in the superior court information was clearly not the single "offense for which the defendant [had been] held for action of a grand jury" (CPL 195.20). In addition, the single crime charged in the superior court information did not constitute a lesser included offense thereof (*cf. People v Menchetti*, 76 NY2d 473, 475 [1990]). This is true aside from the fact that the chronologies set forth in the two instruments seem to exclude any possibility that they were based on the same criminal conduct.

Thus, it is clear that the superior court information upon which the defendant's plea was based did not "include at least one offense that was contained in the felony complaint" (*People v Zanghi*, 79 NY2d 815, 818 [1991]). It follows that the superior court information was jurisdictionally defective (*see People v Zanghi, supra; People v Goforth*, 36 AD3d 1202 [2007]; *cf. People v June*, 30 AD3d 1016 [2006]). The defendant's right to appellate review of this defect as a matter of law was not forfeited by his failure to raise a timely objection on this ground in the County Court or by his plea of guilty (*see People v Zanghi, supra* at 817; *People v Boston*, 75 NY2d 585, 589 [1990]; *People v Menchetti, supra* at 475; *see also People v McClain*, 24 AD3d 1271 [2005]; *People v Kohl*, 19 AD3d 1155 [2005]; *People v Harris*, 267 AD2d 1008 [1999]). The defendant's right to review of this issue similarly survived his waiver of his right to appeal (*see People v June, supra; People v McClain, supra*).

In light of our disposition, we need not address the defendant's remaining contentions. Crane, J.P., Krausman, Covello and Carni, JJ., concur.