■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CIESLEWICZ, Appellant. [845 NYS2d 590]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered July 13, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree (two counts) and burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of burglary in the third degree and dismissing count two of the superior court information and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [2] [a]) and one count of burglary in the third degree (§ 140.20). The People do not dispute the fact that the superior court information (SCI) was jurisdictionally defective with respect to the charge of burglary in the third degree, and we therefore modify the judgment accordingly. Defendant was not held for action of a grand jury on that charge inasmuch as "it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint" (*People v Edwards*, 39 AD3d 875, 876 [2007]; *see* CPL 195.20; *People v Goforth*, 36 AD3d 1202, 1203 [2007], *lv denied* 8 NY3d 946 [2007]). We reject the People's contention that defendant's challenge to the SCI is not properly before us. Preservation of that challenge is not required, and the challenge survives defendant's plea of guilty (*see Edwards*, 39 AD3d at 876-877; *People v McClain*, 24 AD3d 1271, 1272 [2005]). Although defendant's challenge to the SCI also would survive a valid waiver of the right to appeal (*see Edwards*, 39 AD3d at 876-877), we agree with defendant that his waiver of the right to appeal is invalid. Based upon County Court's statements during the plea colloquy, "defendant may have erroneously believed that the right to appeal is automatically extinguished upon entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893 [2006]; *see People v Billingslea*, 6 NY3d 248, 257). Defendant's challenge to the severity of the sentence thus is properly before us, but we conclude that it lacks merit. Present—Scudder, P.J., Hurlbutt, Fahey, Green and Pine, JJ.