■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEVIN MARTOKEN, Respondent. [845 NYS2d 460]—

Appeal by the People from an order of the County Court, Suffolk County (Doyle, J.), dated March 22, 2007, which, after the defendant's plea of guilty to attempted rape in the third degree pursuant to Superior Court information No. S1752/06, which also charged attempted disseminating indecent material to minors in the first degree (two counts), in full satisfaction of that Superior Court information and in full satisfaction of the same charges of attempted disseminating indecent material to a minor in the first degree (two counts) pursuant to indictment No. 2935/05, and the dismissal of that indictment, granted the defendant's motion pursuant to CPL 220.60 (3) and 210.20 (1) for leave to withdraw his plea of guilty to attempted rape in the third degree and to dismiss Superior Court information No. S1752/06.

Ordered that the order is modified, on the law, by adding a provision thereto reinstating indictment No. 2935/05; as so modified, the order is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings on indictment No. 2935/05.

In January 2005 the defendant allegedly engaged in sexually explicit textual internet communications with an undercover

police officer posing as a 14-year-old girl. In June 2006 the defendant purportedly waived indictment and entered a plea of guilty to attempted rape in the third degree in satisfaction of Superior Court information No. S1752/06, which also charged two counts of attempted disseminating indecent material to a minor in the first degree. The transcript of the plea hearing discloses that there was a pending indictment, under indictment No. 2935/05, at the time of the waiver and plea. That indictment charged the defendant with two counts of attempted disseminating indecent material to minors in the first degree, arising out of the January 2005 textual internet communications. At the plea hearing, the People stated that the defendant's plea was also in satisfaction of the indictment and moved for its dismissal, which motion was granted by the County Court.

Shortly after the defendant's plea, and prior to the imposition of sentence, this Court issued its decision and order in *People v Kozlow* (31 AD3d 788 [2006]), holding that the offense of disseminating indecent material to a minor in the first degree required the communication of visual sexual images, and not merely sexually explicit text. The defendant then moved pursuant to CPL 220.60 (3) to withdraw his guilty plea and to dismiss the Superior Court Information pursuant to CPL 210.20. The County Court granted the defendant's motion on the ground that there were insufficient factual allegations to support any of the counts in the Superior Court Information. We agree that the Superior Court information was properly dismissed, albeit for a different reason.

In *People v Kozlow* (8 NY3d 554 [2007]), the Court of Appeals reversed this Court's decision and order, holding that a defendant could be convicted under Penal Law former § 235.22, which is applicable to the defendant's conduct here, even though his or her communications contained no nude or sexual images. Applying the statutory interpretation employed by the Court of Appeals in *People v Kozlow,* the two counts of attempted disseminating indecent material to a minor in the first degree are, by definition, supported by legally sufficient allegations. However, the record discloses that the procedure utilized by the County Court and the People in securing the defendant's plea of guilty was in contravention of article 195 of the CPL and the holding of the Court of Appeals in *People v Boston* (75 NY2d 585 [1990]). CPL 195.10 (2) (b) specifically provides authority for a defendant's waiver of an indictment and entry of a plea under a Superior Court information in a superior court only "prior to the filing of an indictment by the grand jury." The Court of Appeals, in *People v Boston,* held that the failure to ad-

here to this statutory procedure was jurisdictional, "affecting 'the organization of the court or the mode of proceedings prescribed by law' " (75 NY2d 585, 589 [1990] [citations omitted]). The Court there held that the waiver and the plea made in satisfaction of the relevant Superior Court information had to be nullified. Accordingly, the defendant's waiver of indictment here is similarly a nullity, and the Superior Court Information was thus properly dismissed (see People v Hancock, 13 AD3d 553 [2004]; cf. People v Colon, 39 AD3d 661 [2007]). Since the defendant's waiver of indictment was jurisdictionally defective, indictment No. 2935/05 must be reinstated, and we remit the matter to the County Court, Suffolk County, for further proceedings on the indictment.

The People's remaining contention is without merit. Miller, J.P., Lifson, Angiolillo and McCarthy, JJ., concur.