— Appeal by the *806 People, as limited by a letter dated October 22, 2008, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated October 26, 2006, as granted that branch of the defendant’s motion which was to dismiss the first count of the indictment charging him with attempted dissemination of indecent materials to a minor in the first degree.
Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant’s motion which was to dismiss the first count of the indictment charging the defendant with attempted dissemination of indecent materials to a minor in the first degree is denied.
After allegedly engaging in sexually explicit internet communications with an undercover police officer posing as a 14-year-old girl and attempting to meet with the fictitious minor, the defendant was arrested and indicted on charges of attempted dissemination of indecent material to minors in the first degree (count 1) and attempted rape in the second degree (count 2). The Supreme Court dismissed both charges, finding the evidence presented to the grand jury was legally insufficient to support them. It dismissed the first count of the indictment based on this Court’s decision and order in People v Kozlow (31 AD3d 788 [2006]). Thereafter, in People v Kozlow (8 NY3d 554 [2007]), the Court of Appeals reversed this Court’s decision and order, holding that a defendant could be convicted under Penal Law former § 235.22, which is applicable to the defendant’s conduct here, even though his or her communications contained no nude or sexual images. Thus, that branch of the defendant’s motion which was to dismiss the first count of the indictment should have been denied (see People v Martoken, 45 AD3d 782, 784 [2007]). Fisher, J.P, Balkin, McCarthy and Leventhal, JJ., concur.