# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

648

KA 12-00470

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

AARON STEVENSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 28, 2011. The judgment convicted defendant, upon his plea of guilty, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed and the matter is remitted to Erie County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of rape in the first degree (Penal Law § 130.35 [1]). Defendant was charged by felony complaint with the forcible rape of one individual, but after arraignment and his waiver of indictment, County Court granted the People's motion to amend the superior court information (SCI) to charge defendant with the forcible rape of a different individual. The court accepted defendant's guilty plea to the charge of forcible rape with respect to the second individual.

As the People correctly concede, the SCI is jurisdictionally defective, and we therefore reverse the judgment of conviction. We note that defendant's contention that the SCI is jurisdictionally defective does not require preservation, and that contention survives defendant's valid waiver of the right to appeal (*see People v Cieslewicz*, 45 AD3d 1344, 1345; *People v Edwards*, 39 AD3d 875, 876-877). "[T]he designation of a[n individual] in the [SCI] different from the [individual] named in the felony complaint renders the crime contained in the information a different crime entirely" (*Edwards*, 39 AD3d at 876). Thus, defendant was not held for action of a grand jury on the charge in the SCI inasmuch as "it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint" (*Cieslewicz*, 45 AD3d at 1345

[internal quotation marks omitted]; *see generally* CPL 195.20).

Entered:  June 14, 2013                    Frances E. Cafarell
                                          Clerk of the Court