# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**144**

**KA 12-01041**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOSEPH K. RANDLE, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 19, 2012. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of count three of the superior court information, vacating the plea with respect to that count and dismissing that count, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of three counts of felony driving while intoxicated ([felony DWI] Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), arising from three separate incidents. Defendant was initially arraigned in local court on two separate felony complaints charging him with, inter alia, felony DWI for two incidents occurring in August and September 2011. Defendant was subsequently charged in a third felony complaint with one count of aggravated unlicensed operation of a motor vehicle in the first degree ([AUO1] § 511 [3] [a] [i]) for an incident occurring in October 2011. Defendant thereafter executed a written waiver of indictment and agreed to be prosecuted by a superior court information (SCI). The SCI charged defendant with three counts of felony DWI, i.e., one count for each incident. Defendant pleaded guilty to all three counts, and waived his right to appeal.

As a preliminary matter, we reject defendant's contention that his waiver of the right to appeal is unenforceable. Contrary to defendant's contention, his waiver of the right to appeal was knowingly, voluntarily, and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256), and that valid waiver encompasses his challenge to

the severity of the sentence (*see id.* at 255-256).

    As the People correctly concede, however, the third count of felony DWI in the SCI is jurisdictionally defective pursuant to CPL 195.20 because defendant was not held for action of the grand jury on that charge, nor is it a joinable offense pursuant to that statute or case law.  We therefore modify the judgment accordingly.  Initially, "[w]e note that defendant's contention that the SCI is jurisdictionally defective does not require preservation, and that contention survives defendant's valid waiver of the right to appeal" (*People v Stevenson*, 107 AD3d 1576, 1576).  The third count of felony DWI is jurisdictionally defective because it " 'was not an offense charged in the [third] felony complaint or a lesser-included offense of an offense charged in th[at] felony complaint' " (*People v Cieslewicz*, 45 AD3d 1344, 1345).  Furthermore, although the third count of felony DWI charged in the SCI is joinable, within the meaning of CPL 200.20 (2) (a), to the charge on which defendant was held for action of a grand jury, i.e., the AUO1 charge in the third felony complaint, "[t]he language of CPL 195.20 makes clear that where 'joinable' offenses are included, the [SCI] must, at a minimum, also include at least one offense that was contained in the felony complaint" at issue (*People v Zanghi*, 79 NY2d 815, 818).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court