# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

490

KA 12-01740

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TUN AUNG, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 31, 2012. The judgment convicted defendant, upon his plea of guilty, of attempted strangulation in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted strangulation in the second degree (Penal Law §§ 110.00, 121.12), defendant contends that the superior court information (SCI) was jurisdictionally defective. We agree. The two counts charged in the SCI were not offenses for which defendant was held for action of a grand jury (*see* CPL 195.20), i.e., those two counts were not included in the felony complaint, and they were not lesser included offenses of an offense charged in the felony complaint (*see People v Pierce*, 14 NY3d 564, 571; *People v Menchetti*, 76 NY2d 473, 477). "[T]he primary purpose of the proceedings upon such felony complaint is to determine whether the defendant is to be held for the action of a grand jury with respect to the charges contained therein" (CPL 180.10 [1]). Thus, " 'the waiver procedure is triggered by the defendant being held for [g]rand [j]ury action on charges contained in a felony complaint . . . and it is in reference to those charges that its availability must be measured' " (*Pierce*, 14 NY3d at 571, quoting *People v D'Amico*, 76 NY2d 877, 879). Inasmuch as the SCI to which defendant pleaded guilty did not "include at least one offense that was contained in the felony complaint," it was jurisdictionally defective (*People v Zanghi*, 79 NY2d 815, 818). That defect does not require preservation, and it survives defendant's waiver of the right to appeal and his guilty plea (*see id.* at 817; *People v Stevenson*, 107

AD3d 1576, 1576; *People v Cieslewicz*, 45 AD3d 1344, 1345).