# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1025**
**KA 10-02111**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

ELTON MANO, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 7, 2010. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed and the matter is remitted to Livingston County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance (CPCS) in the second degree (Penal Law § 220.18 [3]). After a deputy sheriff found cocaine, benzylpiperazine and hydrocodone in defendant's vehicle during a traffic stop, defendant was charged by felony complaint with two counts of CPCS in the third degree and was indicted for, inter alia, one count of CPCS in the third degree and two counts of CPCS in the fifth degree. After indictment, the prosecution announced that it intended to charge defendant with one count of CPCS in the second degree in relation to the same incident. Defendant waived indictment and agreed to be prosecuted by a superior court information (SCI) with one count of CPCS in the second degree. County Court denied defendant's motion to suppress evidence, and the court subsequently accepted defendant's guilty plea to CPCS in the second degree in satisfaction of the indictment and the SCI.

Defendant contends that the court erred in refusing to suppress, inter alia, the drugs seized by a deputy sheriff from his vehicle. We reject that contention. The record at the suppression hearing establishes that the deputy sheriff lawfully stopped defendant's vehicle for a traffic infraction (*see People v Collins*, 105 AD3d 1378, 1379, *lv denied* 21 NY3d 1003) and that the deputy sheriff was

justified in asking for defendant's consent to search the vehicle inasmuch as he "had a founded suspicion that criminal activity was afoot" (*People v McGinnis*, 83 AD3d 1594, 1595, *lv denied* 18 NY3d 926; *see People v McCarley*, 55 AD3d 1396, 1397, *lv denied* 11 NY3d 899). The record further establishes that defendant voluntarily consented to the search of the vehicle, and " '[t]hat search properly encompassed containers within the vehicle' . . . , including the [cannister] in which the drugs were found" (*People v Lowe*, 79 AD3d 1676, 1677, *lv denied* 16 NY3d 833).

Nevertheless, as the People correctly concede, the SCI is jurisdictionally defective, and we therefore reverse the judgment of conviction. The record establishes that, at the time defendant waived indictment and consented to be prosecuted by an SCI, he had already been indicted on other charges in relation to the same incident. "Given the objective and the plain language of CPL 195.10 (2) (b), the conclusion is inescapable that waiver cannot be accomplished after indictment" (*People v Boston*, 75 NY2d 585, 589; *see People v Spencer*, 87 AD3d 1284, 1286). Furthermore, the SCI charging defendant with CPCS in the second degree is also jurisdictionally defective pursuant to CPL 195.20 because defendant "was not held for action of a grand jury on that charge inasmuch as 'it was not an offense charged in the felony complaint or a lesser-included offense of an offense charged in the felony complaint' " (*People v Cieslewicz*, 45 AD3d 1344, 1345; *see People v Pierce*, 14 NY3d 564, 571).

Entered: October 3, 2014                          Frances E. Cafarell
                                                  Clerk of the Court