# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**159**
**KA 16-00958**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JOSEPH WALKER, JR., DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 7, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the superior court information is dismissed, and the matter is remitted to Supreme Court, Erie County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [1]) upon his plea of guilty to a superior court information (SCI). We agree with defendant that the SCI is jurisdictionally defective based on the People's violation of CPL 195.20 and CPL 200.15, and we therefore reverse the judgment, vacate the plea, dismiss the SCI, and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45 (see *People v Pierce*, 14 NY3d 564, 570-571; *People v Mano*, 121 AD3d 1593, 1593, *lv dismissed* 24 NY3d 1121; *People v Tun Aung*, 117 AD3d 1492, 1492).

CPL 195.20 provides in relevant part that "[t]he offenses named [in the written waiver of indictment and charged in the subsequent SCI] may include any offense for which the defendant was held for action of a grand jury and any offense or offenses properly joinable therewith." The SCI must therefore charge defendant with either "the same crime as the felony complaint or a lesser included offense of that crime" (*Pierce*, 14 NY3d at 571). Moreover, CPL 195.20 requires that the SCI charge the same underlying criminal conduct as the felony complaint (*see People v Milton*, 21 NY3d 133, 136-137; *see also* Penal Law § 10.00 [1]). Thus, when the SCI charges defendant with a " 'different crime entirely' " than the felony complaint (*People v Stevenson*, 107 AD3d 1576, 1576; *see People v Edwards*, 39 AD3d 875,

876), whether by change of date or change of victim or other "factual discrepancy" (*Milton*, 21 NY3d at 137), the SCI violates CPL 195.20 and is therefore jurisdictionally defective, even if it charges defendant with violating the same section of the Penal Law as the felony complaint.

Here, the felony complaint charged defendant with the commission of robbery in the first degree "on or about the 2nd day of 2011," i.e., January 2, 2011. The written waiver of indictment, however, specified that defendant waived his right to indictment with respect to the commission of robbery in the first degree on February 2, 2012, and the SCI itself charged defendant with the commission of robbery in the first degree on February 2, 2011. Inasmuch as robbery is a single-act offense (*see People v Rosas*, 8 NY3d 493, 503; *People v Ramirez*, 89 NY2d 444, 452), the January 2, 2011 robbery charged in the felony complaint was a " 'different crime entirely' " from both the February 2, 2012 robbery set forth in the waiver of indictment and the February 2, 2011 robbery charged in the SCI (*Stevenson*, 107 AD3d at 1576; *see Edwards*, 39 AD3d at 876; *see also People v Siminions*, 112 AD3d 974, 975, *lv denied* 24 NY3d 1088; *People v Harris*, 267 AD2d 1008, 1009). Indeed, "the [dates] set forth in the [three] instruments," i.e., the felony complaint, the waiver of indictment, and the SCI, "exclude any possibility that they were based on the same criminal conduct" (*People v Colon*, 39 AD3d 661, 662). The SCI therefore violates CPL 195.20 and must be dismissed as jurisdictionally defective (*see Siminions*, 112 AD3d at 975; *Colon*, 39 AD3d at 662; *Harris*, 267 AD2d at 1009).

The SCI is also jurisdictionally defective inasmuch as it violates CPL 200.15, which provides in relevant part that a "superior court information . . . shall not include an offense not named in the written waiver of indictment." That "express prohibition" was violated here (*People v Ashe*, 74 AD3d 503, 508 [McGuire, J., concurring], *affd* 15 NY3d 909), inasmuch as the SCI included an offense, i.e., a robbery in the first degree committed on February 2, 2011 that was not set forth in the written waiver of indictment, which identified only a robbery in the first degree committed on February 2, 2012.

To the extent that our decision in *People v Rossborough* (101 AD3d 1775) conflicts with our decision herein, it should no longer be followed.

In view of the foregoing, defendant's remaining contentions are academic.

Entered: March 24, 2017                    Frances E. Cafarell
                                           Clerk of the Court