■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS R. LANE, Appellant. [54 NYS3d 298]—Appeals by the defendant (1) from a judgment of the County Court, Dutchess County (Greller, J.), rendered March 18, 2015, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the same court, dated November 10, 2015, denying, without a hearing, his motion to vacate the judgment pursuant to CPL 440.10.

Ordered that the judgment is reversed, on the law, the plea is vacated, the superior court information is dismissed, the felony complaint is reinstated, and the matter is remitted to the County Court, Dutchess County, for further proceedings on the felony complaint; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination on the appeal from the judgment.

The defendant was charged in a felony complaint with robbery in the first degree. He waived indictment by a grand jury and pleaded guilty under a superior court information to robbery in the second degree.

As the People correctly concede, the superior court information is jurisdictionally defective inasmuch as the only crime charged in it relates to an entirely different incident than the crime charged in the felony complaint (*see* CPL 195.20; *People v Siminions*, 112 AD3d 974, 975 [2013]). Accordingly, the judgment must be reversed, the defendant's plea vacated, the superior court information dismissed, the felony complaint reinstated, and the matter remitted to the County Court, Dutchess County, for further proceedings on the felony complaint.

In light of our determination, we address no other issue. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.