■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE STEWART, Appellant. (Appeal No. 1.) [54 NYS3d 351]— Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered March 20, 2015. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20) and, in appeal No. 2, he appeals from a judgment convicting him, upon his plea of guilty, of three counts of burglary in the third degree (*id.*). In both appeals, defendant contends in his main brief that the aggregate sentence imposed by Supreme Court is unduly harsh and severe. In eliciting defendant's waiver of his right to appeal as an explicit condition of the plea agreement in each matter, the court advised defendant of the maximum sentences that could

be imposed on each conviction (*see People v Lococo*, 92 NY2d 825, 827 [1998]), and the record establishes that defendant knowingly, intelligently, and voluntarily waived his right to appeal with respect to both his convictions and sentences (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *cf. People v Maracle*, 19 NY3d 925, 928 [2012]). We thus conclude that the valid waiver of the right to appeal encompasses defendant's challenge to the severity of the sentences imposed (*see Lopez*, 6 NY3d at 255-256).

In appeal No. 2, defendant contends in his pro se supplemental brief that his waiver of indictment and consent to be prosecuted under a superior court information (SCI) were jurisdictionally defective. We note that defendant's challenges to the jurisdictional requirements of the waiver of indictment and the SCI need not be preserved for our review (*see People v Boston*, 75 NY2d 585, 589 n [1990]; *People v Tun Aung*, 117 AD3d 1492, 1493 [2014]) and are not precluded by defendant's valid waiver of his right to appeal (*see Tun Aung*, 117 AD3d at 1493; *People v Lugg*, 108 AD3d 1074, 1074 [2013]). We nonetheless conclude that defendant's challenges lack merit (*see People v Attea*, 84 AD3d 1700, 1701 [2011]; *see generally* CPL 195.10 [1] [b]; *People v D'Amico*, 76 NY2d 877, 879 [1990]). Present—Centra, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.