■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO CARDONA-VELASQUEZ, Also Known as HUGO DE JES CARDONA-VELASQUEZ, Appellant. [55 NYS3d 672]—Appeal by the defendant from a judgment of the County Court, Putnam County (Reitz, J.), rendered May 24, 2016, convicting him of rape in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he did not validly waive his right to be prosecuted by an indictment is not precluded by his plea of guilty or his valid waiver of his right to appeal (*see People v Boston*, 75 NY2d 585, 589 and n [1990]; *People v Sze*, 113 AD3d 795 [2014]; *People v Davenport*, 106 AD3d 1197, 1198 [2013]; *People v Libby*, 246 AD2d 669, 670 [1998]). However, contrary to the defendant's contention, his waiver of his right to prosecution by indictment was knowing, voluntary, and intelligent (*see People v Donigan*, 20 AD3d 487 [2005]). The defendant signed a valid written waiver of indictment after it was explained to him with the assistance of a Spanish language interpreter in the presence of his attorney (*see* NY Const, art I, § 6; CPL 195.20; *People v Surico*, 138 AD3d 899 [2016]; *People v Davis*, 84 AD3d 1645, 1646 [2011]). During the plea allocution, the defendant acknowledged that he was waiving his right to a hearing before the grand jury and his right to testify before the grand jury (*see People v Davis*, 84 AD3d at 1646; *People v Gould*, 242 AD2d 583, 584 [1997]). The waiver of indictment was also signed by defense counsel and an assistant district attorney, and the County Court approved the waiver after finding that it complied with CPL 195.10 and 195.20 (*see* CPL 195.30; *People v Hill*, 269 AD2d 404, 405 [2000]; *People v McIntyre*, 178 AD2d 559 [1991]).

The defendant's remaining contentions are without merit. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.