People v Hickson (2018 NY Slip Op 07145)





People v Hickson


2018 NY Slip Op 07145


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-01066

[*1]The People of the State of New York, respondent,
v
Jason F. Hickson, appellant. (S.C.I. No. 987/16)


Laurette D. Mulry, Riverhead, NY (Alfred J. Cicale of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Martin Efman, J.), rendered December 2, 2016, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED the judgment is affirmed.
The defendant was charged by felony complaint with committing criminal possession of a controlled substance in the fourth degree under Penal Law § 220.09(1) on January 26, 2016. Superior Court Information No. 987/16 (hereinafter SCI) erroneously charged the defendant with committing criminal possession of a controlled substance in the fourth degree under Penal Law § 220.09(1) on February 26, 2016. The defendant waived his right to be prosecuted by an indictment and pleaded guilty under the SCI to attempted criminal possession of a controlled substance in the fourth degree pursuant to Penal Law §§ 110.00 and 220.09(1). At the plea proceeding, the defendant admitted that the crime to which he pleaded guilty occurred on January 26, 2016.
Where a defendant waives the right to be prosecuted by indictment and consents to be prosecuted by a superior court information, the information "must either charge [the] defendant with the same crime as the felony complaint or a lesser included offense of that crime" (People v Pierce, 14 NY3d 564, 571). Here, taking into account the obvious typographical error in the SCI (see People v June, 30 AD3d 1016, 1017), the defendant was charged in the SCI with the same crime with which he was charged in the felony complaint (see CPL 195.20; People v Milton, 21 NY3d 133, 137; cf. People v Lane, 151 AD3d 884, 885; People v Walker, 148 AD3d 1570; People v Siminions, 112 AD3d 974, 975). There are no other surrounding facts which point to a different crime or offense. Accordingly, the SCI was not jurisdictionally defective.
Moreover, the defendant's waiver of his right to prosecution by indictment was knowing, voluntary, and intelligent (see People v Tennyson, 159 AD3d 1018; People v Cardona-Velasquez, 152 AD3d 618). The record discloses that the defendant signed a valid written waiver of indictment in open court and in the presence of his attorney (see NY Const, art I, § 6; CPL 195.20; People v Cardona-Velasquez, 152 AD3d at 618). The waiver of indictment was also signed by [*2]defense counsel, an assistant district attorney, and the Supreme Court, which approved the waiver after finding that it complied with CPL 195.10 and 195.20 (see CPL 195.30; People v Hill, 269 AD2d 404, 405). Additionally, during the plea allocution, the defendant acknowledged that he understood the waiver.
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court