People v Stuart (2022 NY Slip Op 06018)

People v Stuart

2022 NY Slip Op 06018

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2020-01844

[*1]The People of the State of New York, respondent,
v
Shaine Stuart, appellant. (S.C.I. No. 6529/19)

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Seth M. Lieberman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered December 20, 2019, convicting him of failure to register or verify as a sex offender, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged by felony complaint with failing to report a change of address under Correction Law § 168-f(4), with the crime alleged to have occurred on May 15, 2015. Superior Court Information No. 6529/19 (hereinafter SCI) charged the defendant with failing to register or verify as a sex offender based upon his failure report a change of address in violation of Correction Law § 168-f(4), with the crime alleged to have occurred on October 9, 2019. The defendant waived his right to be prosecuted by an indictment and entered a plea of guilty, under the SCI, to failure to register or verify a change of address in violation of Correction Law § 168-f(4). At the plea proceeding, the defendant admitted that the crime to which he pleaded guilty occurred on October 9, 2019. Where a defendant waives the right to be prosecuted by indictment and consents to be prosecuted by a superior court information, the information "must either charge [the] defendant with the same crime as the felony complaint or a lesser included offense of that crime" (People v Pierce, 14 NY3d 564, 571). Here, taking into account the obvious typographical error in the felony complaint (see People v Hickson, 165 AD3d 1166, 1167; People v June, 30 AD3d 1016, 1017), the defendant was charged in the SCI with the same crime with which he was charged in the felony complaint (see CPL 195.20; People v Milton, 21 NY3d 133, 137; cf. People v Lane, 151 AD3d 884, 885; People v Walker, 148 AD3d 1570; People v Siminions, 112 AD3d 974, 975). There are no other surrounding facts which point to a different crime or offense. Accordingly, the SCI was not jurisdictionally defective.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court