People v Johnson (2024 NY Slip Op 00277)

People v Johnson

2024 NY Slip Op 00277

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind. No. 277/20, SCI No. 1440/20 Appeal No. 1495-1495A Case No. 2021-00095 

[*1]The People of the State of New York, Respondent,
v
Daquan Johnson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Everett K. Hopkins of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgments, Supreme Court, New York County (Curtis J. Farber, J.), rendered January 4, 2021, convicting defendant, upon his pleas of guilty, of two counts of robbery in the second degree, and sentencing him to an aggregate term of four years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharges and fees imposed at sentencing, and otherwise affirmed.
The superior court information (SCI) was not jurisdictionally defective. Defendant argues that because the offense date stated in the SCI and to which he allocuted (March 1, 2020) differed from that stated in the initial felony complaint and the waiver of indictment (January 21, 2020), the SCI charged him with an offense that was different from that charged in the felony complaint and held for grand jury action (see CPL 195.20; People v Milton, 21 NY3d 133, 136 [2013]). We find that the discrepancy in the offense dates did not render the SCI jurisdictionally deficient. The offense dates constituted non-elemental factual information, and defendant failed to show that he lacked notice of the charges for which he was waiving prosecution by indictment or that the SCI clearly charged a different crime than that alleged in the felony complaint (see People v Thomas, 34 NY3d 545, 569-570 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]; see also People v Walley, 36 NY3d 967, 968 [2020]; People v Jackson, 215 AD3d 461, 461 [1st Dept 2023], lv denied 39 NY3d 1155 [2023]). Rather, the errant date in the SCI appears to be the product of human error, as there were "no other surrounding facts which point to a different crime or offense" (People v Stuart, 209 AD3d 1044, 1045 [2d Dept 2022], lv denied 39 NY3d 1114 [2023]). Because defendant failed to raise a jurisdictional defect, his challenge to the SCI and conviction thereunder is precluded by his valid waiver of the right to appeal, forfeited by his guilty plea, and unpreserved (see Thomas, 34 NY3d at 367-369).
Defendant's excessive sentence claim is foreclosed by his valid waiver of the right to appeal. In any event, we perceive no basis for reducing the sentence.
Based on our own interest of justice powers, we vacate the surcharges and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024