People v Whittaker

2026 NY Slip Op 02423

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Brian Whittaker, appellant. (S.C.I. No. 70343/24)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-08376

Lara J. Genovesi, J.P.

Cheryl E. Chambers

Helen Voutsinas

Phillip Hom, JJ.

Gary E. Eisenberg, New City, NY, for appellant.

Susan Cacace, District Attorney, White Plains, NY (William C. Milaccio and Steven A. Bender of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Westchester County (Evan Inlaw, J.), rendered July 23, 2024, convicting him of reckless endangerment in the first degree and criminal possession of a firearm, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Batista, 167 AD3d 69, 76-78). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the factual sufficiency of the plea allocution (see People v Heath, 218 AD3d 693, 694; People v Headley, 197 AD3d 1329, 1330).

To the extent that the defendant contends that the factual insufficiency of the plea allocution rendered his plea involuntary and unintelligent, this contention survives a valid waiver of the right to appeal (see People v Prenaj, 239 AD3d 1001, 1001; People v Javiel, 231 AD3d 967, 967). However, the contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 663; People v Escobargarcia, 237 AD3d 1221, 1222). The exception to the preservation requirement does not apply in this case, because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666).

In any event, the plea allocution was sufficient. "[A]n allocution based on a negotiated plea need not elicit from a defendant specific admissions as to each element of the charged crime," and a plea allocution is sufficient if it "shows that the defendant understood the charges and made an intelligent decision to enter a plea" (People v Goldstein, 12 NY3d 295, 301; see People v Javiel, 231 AD3d at 967). Here, the record demonstrates that the defendant understood the charges and made a voluntary and intelligent decision to enter the plea.

The defendant's valid waiver of his right to appeal does not preclude appellate review of his contention that he did not knowingly, voluntarily, and intelligently waive his right to be [*2]prosecuted by indictment (see People v Okay, 172 AD3d 1104, 1105; People v Cardona-Velasquez, 152 AD3d 618, 618). However, the contention is without merit. The record discloses that the defendant signed a valid written waiver of indictment in open court and in the presence of his attorney (see NY Const, art I, § 6; CPL 195.20; People v Cardona-Velasquez, 152 AD3d at 618), and there is no "record evidence suggesting that [the] defendant's waiver was involuntary, unknowing or unintelligent" (People v Myers, 32 NY3d 18, 23). The defendant's contentions that he did not have adequate time to review the waiver of indictment and that he did not understand what he was signing are "belied by the record" (People v Okay, 172 AD3d at 1105), as the defendant expressly acknowledged that he had an opportunity to read and discuss the waiver of indictment with his attorney before signing it and that he understood the contents of the written waiver (see People v Giddens, 172 AD3d 1402, 1402; People v Hickson, 165 AD3d 1166, 1167).

GENOVESI, J.P., CHAMBERS, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court