■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE F.M. DONNELLY, Appellant. [804 NYS2d 459]—

Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered December 20, 2004, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

On August 6, 2004, defendant was arrested and charged in a felony complaint with criminal contempt in the first degree for violating a local criminal court order of protection dated July 10, 2004 issued to protect his former girlfriend. He was held over for action of the grand jury and, on September 27, 2004, he appeared in County Court, orally waived prosecution by indictment and consented to being prosecuted by a superior court information. He then pleaded guilty to the sole count contained in the superior court information, criminal contempt in the first degree, pursuant to a plea agreement which provided that the plea would also satisfy a criminal mischief charge pending in the local town court and that he would pay restitution related to that charge. County Court committed to sentencing defendant to one year in jail, potentially less if he successfully participated in a treatment program. Defendant was released to probation supervision and reportedly was discharged from a treatment program for misconduct, which the court considered to be a violation of the plea agreement and thereafter imposed an enhanced sentence of 1 to 3 years and, subsequently, restitution.

On defendant's appeal, we find merit to his claim that his waiver of indictment was invalid, requiring vacatur of his guilty plea. While the record reflects that defendant orally waived indictment in open court and, sometime that day, signed a writ-

ten waiver of indictment (also signed by the District Attorney and County Court), the record does not support the conclusion that the written waiver was—as constitutionally and statutorily mandated—*"signed* by the defendant *in open court* in the presence of his [or her] counsel" (NY Const, art I, § 6 [emphases added]; *see* CPL 195.20; *People v Boston*, 75 NY2d 585, 588 [1990]; *cf. People v Hill*, 269 AD2d 404, 405 [2000], *lv denied* 94 NY2d 920 [2000]; *People v Kalvaitis*, 238 AD2d 756, 757 [1997], *lv denied* 90 NY2d 859 [1997]). Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver (*see People v Page*, 88 NY2d 1, 6-10 [1996]) and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver* and need not be preserved for review by a motion to withdraw the plea (*see People v Libby*, 246 AD2d 669, 670 [1998]; *see also People v Boston, supra* at 587, 589 n).

We note, also, that the written waiver of indictment specifies that the offense to be charged in the superior court information occurred on July 19, 2004 whereas the superior court information to which defendant pleaded charges an offense committed on August 3, 2003 (*see* CPL 195.20). Moreover, defendant correctly argues that imposition of an enhanced sentence, without affording him an opportunity to withdraw his plea, was improper, as defendant's participation in a treatment program was never made a condition of the plea agreement, the violation of which could result in an enhanced sentence; rather, defendant was only advised that successful treatment could result in a lesser sentence (*see People v Kinch*, 15 AD3d 780, 781 [2005]; *People v Dunton*, 10 AD3d 808, 809 [2004], *lv denied* 4 NY3d 830 [2005]).

Finally, County Court's imposition of restitution at a "reconvened" sentencing proceeding, which occurred two days after sentence had been imposed, over defense counsel's objection, failed to comply with Penal Law § 60.27. Accordingly, defendant's guilty plea should be vacated.

---

* Notably, we do not find that defendant effectively waived his right to appeal, as an appeal waiver was not included in the recitation of the plea terms and defendant was never asked if he agreed to waive his appeal rights, which were never explained or discussed on the record. Moreover, defendant was never asked if he understood such a waiver or had discussed it with counsel. An appeal waiver was first briefly mentioned by County Court *after* accepting defendant's guilty plea, when defense counsel confirmed the court's statement that defendant was waiving that right. Furthermore, the written appeal waiver signed by defendant three days later was not a bargained for condition of the plea agreement (*see People v Callahan*, 80 NY2d 273, 280, 283 [1992]; *People v Seaberg*, 74 NY2d 1, 11 [1989]).

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.