■ The People of the State of New York, Respondent, v Albert H. Wicks, Appellant. [838 NYS2d 267]— Peters, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered January 26, 2005, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and attempted robbery in the third degree.

An August 2004 indictment charged defendant with various crimes. Resolving the indictment, defendant pleaded guilty to driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and attempted robbery in the third degree. Defendant also waived indictment and pleaded guilty in satisfaction of a superior court information which charged him with driving while intoxicated in October 2004. County Court sentenced defendant to concurrent prison terms of 1 to 3 years for each of his convictions.

Defendant's sole contention on this appeal is that his waiver of indictment was jurisdictionally defective because the record does not reflect that he executed the written waiver in open court with his attorney present. Although the plea minutes are silent with regard to defendant's signing of the waiver, County Court's order approving the waiver expressly indicates that defendant executed it in open court in the presence of his attorney (*see People v Rivera*, 24 AD3d 367, 369-370 [2005]; *see also People v Hill*, 269 AD2d 404, 405 [2000], *lv denied* 94 NY2d 920 [2000]). Accordingly, we are satisfied that defendant's waiver of indictment was in compliance with CPL 195.20 and we affirm the judgment of conviction.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.