■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. DAVIS, Appellant. [923 NYS2d 364]—

Egan Jr., J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered June 7, 2010, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant waived indictment and, in satisfaction of a superior court information, pleaded guilty to burglary in the third degree, waived his right to appeal and was sentenced to the agreed-upon prison term of 2½ to 5 years. Defendant now appeals contending, among other things, that his plea was involuntary.

Preliminarily, defendant argues and the People concede that the underlying waiver of the right to appeal is invalid. As for the remaining issues, defendant's challenge to the factual sufficiency and voluntariness of his plea is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Bolden*,

---

78 AD3d 1419, 1420 [2010], *lv denied* 16 NY3d 828 [2011]; *People v Hey*, 74 AD3d 1582, 1583 [2010], *lv denied* 15 NY3d 852 [2010]; *People v Lopez*, 74 AD3d 1498, 1498-1499 [2010]). Contrary to defendant's assertion, the narrow exception to the preservation requirement was not triggered here, as defendant did not make any statements during the allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Board*, 75 AD3d 833, 833 [2010]; *People v Glynn*, 73 AD3d 1290, 1291 [2010]; *People v Campbell*, 66 AD3d 1059, 1060 [2009]). Additionally, defendant "was not required to recite the elements of the crime or engage in a factual exposition" (*People v Williams*, 35 AD3d 971, 972 [2006], *lv denied* 8 NY3d 928 [2007]; *see People v Board*, 75 AD3d at 834; *People v Campbell*, 66 AD3d at 1060). Hence, were we to reach these issues, we would find that defendant's responses to County Court's inquiries were sufficient to establish both his guilt and that the plea as a whole was knowing, intelligent and voluntary.*

Although defendant's claim that his waiver of indictment was jurisdictionally defective is properly before us (*see People v Donnelly*, 23 AD3d 921, 922 [2005]), we find it to be lacking in merit. During the course of the plea allocution, County Court explained the effect of the waiver, and defendant evidenced his understanding that, by waiving indictment, he was giving up his right to have the matter presented to a grand jury. Additionally, the record contains a copy of a written waiver of indictment signed by defendant and an Assistant District Attorney, as well as an order approving the waiver, wherein County Court expressly found that defendant had executed the waiver in open court in the presence of his counsel and that such waiver was in compliance with CPL 195.10 and 195.20. Under these circumstances, we conclude that defendant's waiver of indictment was valid (*see People v McIntyre*, 178 AD2d 559, 560 [1991]; *see also People v Kalvaitis*, 238 AD2d 756, 757 [1997], *lv denied* 90 NY2d 859 [1997])—even though the plea minutes are silent with regard to defendant's execution thereof (*see People v Wicks*, 42 AD3d 585 [2007]; *compare People v Donnelly, supra*).

Finally, in light of defendant's extensive criminal history, which spans more than 35 years, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his

---

* To the extent that defendant argues that counsel failed to adequately explore potential defenses, such a claim involves matters outside the record and, as such, is more properly the subject of a CPL article 440 motion (*see People v Pendelton*, 81 AD3d 1037, 1039 [2011]; *People v Terpening*, 79 AD3d 1367, 1368 [2010], *lv denied* 16 NY3d 837 [2011]).

sentence in the interest of justice (*see People v Torres*, 81 AD3d 995 [2011]; *People v Rose*, 79 AD3d 1365, 1367 [2010]).

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.

