THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE CATNOTT, Appellant. [937 NYS2d 470]—

Rose, J.

We find merit to defendant's argument that his waiver of indictment was not valid. While the record does reflect that defendant executed the written waiver of indictment on September 15, 2010, it is also clear from the record that he did not do so in open court on that date. The People argue in response that the written waiver was misdated, and that it was actually executed in open court on September 17, 2010. Nothing in the transcript of defendant's appearance on that date, however, supports the People's contention. Thus, the record does not reflect that defendant's written waiver complies with CPL 195.20, as is strictly and unequivocally required (*see People v Donnelly*, 23 AD3d 921, 921-922 [2005]; *compare People v Davis*, 84 AD3d 1645, 1646 [2011], *lv denied* 17 NY3d 815 [2011]; *People v Sabin*, 73 AD3d 1390, 1391 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Wicks*, 42 AD3d 585 [2007]). Accordingly, defendant's plea must be vacated.

Mercure, A.P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.