# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**273**
**KA 15-01099**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JACOB MELVIN, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 18, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty under an indictment of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal No. 2, defendant appeals from a judgment convicting him upon his pleas of guilty under a superior court information (SCI) of two counts of assault in the second degree (§ 120.05 [7]).

Preliminarily, the People correctly concede that defendant did not validly waive his right to appeal in a written waiver of the right to appeal, given the total absence of an oral colloquy on that subject (*see People v Banks*, 125 AD3d 1276, 1277, *lv denied* 25 NY3d 1159). Nevertheless, we reject defendant's challenge to the severity of the sentence in appeal No. 1.

Defendant contends that the SCI in appeal No. 2 is jurisdictionally defective because it charged him with committing two assaults on December 3, 2014, even though he waived indictment only with respect to two assaults committed on December 23, 2014. Initially, we note that "[d]efendant's challenges to the jurisdictional requirements of the waiver of indictment and the superior court information need not be preserved for [appellate] review" and are not forfeited by the guilty plea (*People v Lugg*, 108 AD3d 1074, 1074; *see People v Boston*, 75 NY2d 585, 589 n; *People v*

*Jackson*, 128 AD3d 1279, 1279, *lv denied* 26 NY3d 930). Here, defendant was initially charged by felony complaint with two counts of assault in the second degree committed on December 23, 2014, and defendant subsequently waived his right to indictment on those particular charges. The SCI, however, charged defendant with committing two acts of assault in the second degree on December 3, 2014, rather than December 23, 2014, and the special information attached to the SCI provided that the assaults occurred on December 23, 2014. During the plea colloquy, Supreme Court referenced both dates.

In our view, defendant never waived his constitutional right to indictment for any offenses taking place on December 3, 2014; rather, he waived his constitutional right to indictment for two assaults committed on December 23, 2014. Under these circumstances, as we recently explained in *People v Walker* ([appeal No. 2] ___ AD3d ___, ___ [Mar. 24, 2017]), the SCI is jurisdictionally defective and must be dismissed. We disagree with the People that the date-of-crime discrepancy here may be excused or overlooked as a ministerial typographical error. In our view, it is not "obvious" (*People v June*, 30 AD3d 1016, 1017, *lv denied* 7 NY3d 813, *reconsideration denied* 7 NY3d 868), nor is it "clear" (*Jackson*, 128 AD3d at 1279-1280), that the date-of-crime discrepancy at issue here is in fact a mere typographical error (*see e.g. People v Siminions*, 112 AD3d 974, 975, *lv denied* 24 NY3d 1088). We therefore reverse the judgment in appeal No. 2, vacate the guilty pleas, dismiss the SCI, and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45 (*see People v Mano*, 121 AD3d 1593, 1593, *lv dismissed* 24 NY3d 1121; *People v Tun Aung*, 117 AD3d 1492, 1492).

In view of the foregoing, defendant's remaining contentions in appeal No. 2 are academic.

Entered: March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court