Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Corrigan, J.), rendered October 22, 2015, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is reversed, on the law, the plea is vacated, the Superior Court Information is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the felony complaint.
 

 The defendant was charged by felony complaint with robbery in the first degree and criminal possession of a weapon in the third degree. The defendant later waived indictment by a grand jury and pleaded guilty under a Superior Court Information to attempted robbery in the second degree.
 

 The New York Constitution provides that “[n]o person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury” (NY Const, art I, § 6). The constitutional requirement is “rooted in the belief that the public should have a check against the potential abuse of power by those vested with the prosecutorial authority of the State” (People v Perez, 83 NY2d 269, 273 [1994]). Accordingly, New York courts have viewed this constitutional requirement a “public fundamental right” which is “requisite to jurisdiction” (People ex rel. Battista v Christian, 249 NY 314, 318 [1928]; see People v Boston, 75 NY2d 585, 587 [1990]; Matter of Simonson v Cahn, 27 NY2d 1, 3-4 [1970]).
 

 However, the New York Constitution, “since 1974, has contained an exception allowing defendants to waive indictment under certain circumstances” (People v Pierce, 14 NY3d 564, 567 [2010]). Accordingly, the New York Constitution now provides that “a person held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney” (NY Const, art I, § 6). The New York Constitution further states that “such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel” (id.).
 

 “[S]ince an infringement of defendant’s right to be prosecuted only by indictment implicates the jurisdiction of the court, [such a] claim may be reviewed even though [a] defendant did not object to being prosecuted [by a Superior Court Information] and, in fact, consented to be prosecuted on it” (People v Zanghi, 79 NY2d 815, 817 [1991]). “Further, because it is jurisdictional, an infringement upon the right to be prosecuted by indictment is not waived by the entry of a guilty plea” (id. at 817). A defendant’s right to review of this issue similarly survives a valid waiver of the right to appeal (see People v Edwards, 39 AD3d 875, 876-877 [2007]; People v Colon, 39 AD3d 661, 662 [2007]).
 

 Here, as the defendant correctly contends, and as the People correctly concede, the record on appeal does not contain a signed waiver of the defendant’s right to be prosecuted by an indictment. Although a written waiver of indictment appears in the record, it was not signed by the defendant. Furthermore, contrary to the People’s contention, although the transcript of the plea proceedings indicates that the defendant signed a document denominated as a written indictment waiver, that reference in the transcript alone is insufficient to satisfy the constitutional requirement that a waiver of indictment “be evidenced by written instrument signed by the defendant” (NY Const, art I, § 6; see CPL 195.20). Since the failure to comply with this constitutional requirement amounts to a jurisdictional defect in the plea proceedings (see NY Const, art I, § 6; People v Zanghi, 79 NY2d at 817; People v Colon, 39 AD3d at 662), the judgment must be reversed and the Superior Court Information must be dismissed (see generally People v Pierce, 14 NY3d at 574; People v Cieslewicz, 45 AD3d 1344, 1345 [2007]; People v Edwards, 39 AD3d at 876-877; People v Rivera, 24 AD3d 367, 371 [2005]).
 

 In light of this disposition, we need not address the parties’ remaining contentions.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.