People v Colon-Colon (2019 NY Slip Op 01039)





People v Colon-colon


2019 NY Slip Op 01039


Decided on February 8, 2019


Appellate Division, Fourth Department


NeMoyer, J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1361 KA 16-02149

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALEXANDER COLON-COLON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 NeMoyer,
 Appeal from a judgment of the Genesee County Court (Michael F. Pietruszka, A.J.), rendered September 2, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea and waiver of indictment are vacated, the superior court information is dismissed, and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 470.45.
Opinion by NeMoyer, J.:
The law demands strict and literal compliance with the constitutional and statutory framework for waiving indictment. That did not occur here. The superior court information must therefore be dismissed. FACTS
In December 2015, a felony complaint was filed in the Batavia City Court charging defendant with two counts of rape in the second degree (Penal Law § 130.30 [1] [sexual intercourse between an adult and a minor under age 15]). The felony complaint alleged that "from September 1st, 2013 to September 9th, 2013," defendant had "sexual intercourse with a 14 year old female on two occasions while he was 19 years old [in the] City of Batavia." Attached to the felony complaint was a supporting deposition from the alleged victim, who averred that she had sexual relations with defendant on two occasions while she was 14 years old, and on three occasions while she was 15 years old. It is undisputed that the victim turned 15 years old on September 9, 2013.
Defendant waived his right to a preliminary hearing and was held for action by the grand jury. Defendant subsequently waived his right to indictment and consented to prosecution by superior court information (SCI). To memorialize that waiver, defendant signed a written waiver of indictment in open court in the presence of his attorney. The written indictment waiver was also signed by defense counsel and the Genesee County District Attorney. Insofar as relevant here, the written waiver provides as follows:
"I, ALEXANDER COLON COLON, . . . having been held for the action of the Grand Jury . . . upon the charged offense(s) of RAPE IN THE SECOND DEGREE (Two Counts), contrary to Penal Law [§ ] 130.30-1, a class D felony, and having been advised of my right to have said charge(s) presented to a Grand Jury . . . , do hereby waive my right to be prosecuted by indictment for such [*2]offense(s) and I hereby consent to be prosecuted therefor by Superior Court Information."
Critically, the written waiver does not contain any data whatsoever regarding the "date and approximate time and place of each offense to be charged in the superior court information," as explicitly required by CPL 195.20. Notwithstanding that defect, County Court determined that the written waiver "fully complie[d] with the provisions of Sections 195.10 and 195.20 of the Criminal Procedure Law" and approved it accordingly (see CPL 195.30 [requiring judicial approval of indictment waiver upon determination that it complies with CPL 195.10 and 195.20]).
The ensuing SCI charged defendant with two counts of second-degree rape under Penal Law § 130.30 (1). Count one alleged that defendant, "between approximately September 1, 2013 and September 9, 2013, in the City of Batavia, County of Genesee, State of New York, being eighteen years old or more, engaged in sexual intercourse with another person less than fifteen years old." Count two alleged that defendant, "on a second occasion between approximately September 1, 2013 and September 9, 2013, in the City of Batavia, County of Genesee, State of New York, being eighteen years old or more, engaged in sexual intercourse with another person less than fifteen years old."
Defendant subsequently satisfied the SCI by pleading guilty to the lesser-included offense of attempted rape in the second degree under count one. As part of the plea bargain, defendant waived his right to appeal. The court thereafter imposed the maximum sentence for attempted rape in the second degree: 4 years' imprisonment and 10 years' postrelease supervision.
Defendant appeals, and we now reverse. DISCUSSION I
"In 1974, article I, § 6 of the State Constitution was amended to provide a single exception to the constitutional requirement that a person charged with an infamous offense be prosecuted by indictment" (People v Menchetti, 76 NY2d 473, 476 [1990]). As a result of that change, article I, section 6 now says in relevant part that:
"a person held for the action of a grand jury upon a charge for [an infamous] offense, other than one punishable by . . . life imprisonment, with the consent of the district attorney, may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney; such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his counsel."
"To implement this constitutional amendment, the Legislature enacted CPL article 195," which specifies in great detail the procedure to be followed when an accused felon wishes to waive his or her right to indictment and consent to prosecution by SCI (Menchetti, 76 NY2d at 476; see also CPL 200.15 [codifying additional jurisdictional requirements for SCIs]).
Because "an infringement of defendant's right to be prosecuted only by indictment implicates the jurisdiction of the court" (People v Zanghi, 79 NY2d 815, 817 [1991]), the Court of Appeals has repeatedly stressed that the "[f]ailure to adhere to the statutory procedure for waiving indictment" is a "jurisdictional[ defect] affecting the organization of the court or the mode of proceedings prescribed by law' " (People v Boston, 75 NY2d 585, 589 n [1990], quoting People v Patterson, 39 NY2d 288, 295 [1976], affd 432 US 197 [1977]; see People v Myers, 32 NY3d 18, 21 n 1 [2018]; People v Milton, 21 NY3d 133, 136 [2013]; Zanghi, 79 NY2d at 817-818). On that issue, there is near-universal consensus: an accused felon may waive his or her right to indictment " only within the express authorization of the governing constitutional and statutory [provisions]' " (Myers, 32 NY3d at 22 n 2, quoting People v Trueluck, 88 NY2d 546, 549 [1996] [emphasis added]), and those provisions must therefore be "followed to the letter" [*3](Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 195.20, at 202 [2007 ed]). Indeed, as recently as 2010, the Court of Appeals reiterated that its own "precedent makes clear that the parties must comply with the constitutional and statutory requirements relating to waiver of indictment" (People v Pierce, 14 NY3d 564, 570 [2010] [emphasis added]). Thus, if the parties to a criminal action wish to bypass the grand jury, only "strict," literal, and complete adherence to the statutory and constitutional mechanics for waiving indictment will produce a valid felony conviction (People v Casdia, 78 NY2d 1024, 1026 [1991]; see People v Catnott, 92 AD3d 977, 978 [3d Dept 2012]; People v Quarcini, 4 AD3d 864, 865 [4th Dept 2004]).
The consequences of failing to comply with the relevant constitutional and statutory requirements are severe and unforgiving. As one trial judge correctly observed, "any defect in the waiver of indictment procedure is a jurisdictional defect and will result in the reversal of a conviction and vacatur[] of a guilty plea" (People v Padilla, 42 Misc 3d 1221[A], 2014 NY Slip Op 50113[U], *16 [Rockland County Ct 2014]). In other words, a deviation from the statutory provisions for waiving indictment "will cause a jurisdictional defect that invalidates any plea or verdict, even though the statutory provision involved is not among those mandated by the constitutional authorization for waiver" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 195.20, at 202 [2007 ed]). The bottom line for parties contemplating a felony prosecution by SCI is this: "Do not take any short-cut', because substantial compliance will not be tolerated" (id.).[FN1]
Compounding the peril of straying from the legislatively-constructed path for waiving indictment is the complete absence of structural barriers to appellate review. To that end, it is well established that a "challenge to the validity of [a] waiver of indictment is not forfeited by [a] plea of guilty and would not be precluded by any valid waiver of the right to appeal" (People v Janelle, 146 AD3d 808, 809 [2d Dept 2017] [internal quotation marks omitted]; see Pierce, 14 NY3d at 570 n 2; People v Melvin, 148 AD3d 1753, 1754 [4th Dept 2017]; People v Lugg, 108 AD3d 1074, 1074 [4th Dept 2013]). Likewise, a " challenge[] to the jurisdictional requirements of the waiver of indictment . . . need not be preserved for [appellate] review' " (Melvin, 148 AD3d at 1754; see Myers, 32 NY3d at 21 n 1; Boston, 75 NY2d at 589 n; Janelle, 146 AD3d at 809; Lugg, 108 AD3d at 1074).
II
CPL 195.20 is a key component of the procedure for waiving indictment, and it "reiterates the constitutional requirements and specifies additional items the written waiver must [*4]include" (Myers, 32 NY3d at 22 n 2; see Zanghi, 79 NY2d at 817). Like all provisions of article 195, CPL 195.20 must be "strictly and unequivocally" enforced (Catnott, 92 AD3d at 978; see People v Donnelly, 23 AD3d 921, 922 [3d Dept 2005]; see generally Casdia, 78 NY2d at 1026).
Insofar as relevant to this case, CPL 195.20 provides that a "waiver of indictment shall be evidenced by a written instrument, which shall contain the name of the court in which it is executed, the title of the action, and the name, date and approximate time and place of each offense to be charged in the [SCI]" (emphasis added). Here, it is undisputed that the written waiver of indictment does not contain any data whatsoever about the date, the time, or the place of any — much less each — offense to be charged in the SCI. Thus, the indictment waiver is jurisdictionally defective because it plainly fails to comply with the explicit statutory requirements of CPL 195.20 (see People v Walker, 148 AD3d 1570, 1570-1571 [4th Dept 2017]).[FN2]
Our determination preserves and reinforces the nexus between the voluntariness of an indictment waiver and the parties' strict compliance with the process laid down in the State Constitution and the Criminal Procedure Law. As the Court of Appeals recently stated in Myers, "[c]ompliance with the constitutionally-specified waiver mechanism establishes the prima facie validity of the waiver of the right to prosecution by indictment. Absent record evidence suggesting that a defendant's waiver was involuntary, unknowing or unintelligent, the prima facie showing is conclusive" (id., 32 NY3d at 23). In other words, compliance with the literal terms of CPL 195.20 and its companion provisions is the sine qua non of the voluntariness of an indictment waiver (see generally Trueluck, 88 NY2d at 549).
The Court of Appeals' observations in Myers assume particular significance in this case, where only some of the multiple instances of sexual contact between defendant and the victim constituted second-degree rape in light of her intervening 15th birthday. Thus, from the perspective of a criminal defendant poised to waive his right to indictment, it was of paramount importance to ensure that the SCI charged only conduct within the statutory definition of that crime, i.e., sexual contact that occurred before the victim's 15th birthday. And there might be no way of ascertaining that critical detail if, in contravention of the legislative command embodied by CPL 195.20, the written waiver itself neglected to specify the dates and times of the subject offenses. CONCLUSION
The written indictment waiver in this case is jurisdictionally defective because it failed to comply with CPL 195.20. Accordingly, the judgment should be reversed, the guilty plea vacated, the indictment waiver rejected, the SCI dismissed, and the matter remitted to the Genesee County Court for proceedings pursuant to CPL 470.45 (see People v Priest, 155 AD3d 1599, 1599-1600 [4th Dept 2017]; see also People v Eulo, 156 AD3d 720, 721 [2d Dept 2017]; Walker, 148 AD3d at 1570-1571; People v Libby, 246 AD2d 669, 671 [2d Dept 1998]). Defendant's remaining contentions are academic.
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court



Footnotes

Footnote 1: About 20 years ago, several decisions came out stating that certain aspects of the statutorily-enumerated process for waiving indictment are not jurisdictionally required (see e.g. People v Montanez, 287 AD2d 407, 408 [1st Dept 2001], lv denied 97 NY2d 685 [2001]; People v Long, 273 AD2d 67, 67 [1st Dept 2000], lv denied 95 NY2d 854 [2000]; People v George, 261 AD2d 711, 712-713 [3d Dept 1999], lv denied 93 NY2d 1018 [1999]). We do not agree that the statutorily-mandated steps for waiving indictment can be neatly sorted into jurisdictional and nonjurisdictional requirements, especially given the practical difficulties in identifying neutral, forward-looking criteria by which to classify any particular step as either jurisdictional or non-jurisdictional. We note the Third Department's recent conclusion that all statutorily-prescribed aspects of the indictment-waiver process are of equal jurisdictional significance (see People v Busch-Scardino, 166 AD3d 1314, 1315-1316 [3d Dept 2018]; accord People v Rivera, 24 AD3d 367, 369-371 [1st Dept 2005]; but see People v Windley, 228 AD2d 875, 876 [3d Dept 1996], lv denied 88 NY2d 997 [1996]). "Any other interpretation would render the statute's language . . . superfluous or redundant" (Busch-Scardino, 166 AD3d at 1316).

Footnote 2: We emphasize that the People make no argument predicated on the "single document" rule of People v Lamoni (230 AD2d 628, 629 [1st Dept 1996], lv denied 89 NY2d 925 [1996]) and its progeny (see e.g. People v Sterling, 27 AD3d 950, 951-952 [3d Dept 2006], lv denied 6 NY3d 898 [2006]; People v Salvalo, 286 AD2d 636, 636 [1st Dept 2001], lv denied 97 NY2d 687 [2001]). We have never decided whether to adopt the "single document" rule in this Department, and we have no occasion to consider that issue here.