People v Edwards (2019 NY Slip Op 03108)





People v Edwards


2019 NY Slip Op 03108


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109582

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BIKEO K. EDWARDS, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


G. Scott Walling, Slingerlands, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 5, 2017, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant waived indictment and pleaded guilty to attempted criminal possession of a weapon in the second degree as charged in a superior court information. Consistent with the terms of the plea agreement, defendant was sentenced as a second violent felony offender to a prison term of six years, followed by five years of postrelease supervision. Defendant appeals.
Defendant contends that the waiver of indictment was deficient, requiring that the guilty plea be vacated, because there was not strict compliance with the statutory mandates of CPL 195.20. Specifically, defendant asserts that the superior court information (hereinafter SCI) does not set forth the "approximate time" of the offense nor does the record establish that the waiver of indictment was signed by defendant in open court [FN1]. With regard to the approximate time of the offense, such information, which is required by the plain language of the statute, was omitted from the SCI (see CPL 195.20; People v Busch-Scardino, 166 AD3d 1314, 1316 [2018]; see also People v Colon-Colon, 169 AD3d 187, 192 [2019]). Furthermore, this is not "a situation where the time of the offense is unknown or, perhaps, unknowable" so as to excuse the absence of such information (People v Busch-Scardino, 166 AD3d at 1316). As we have previously noted, "[a]ny other interpretation would render the statute's language requiring the 'approximate time' superfluous or redundant" (id.). Inasmuch as defendant's waiver of indictment was not procured in strict compliance with the statutory provisions, it is invalid, thereby requiring vacatur of his [*2]guilty plea and dismissal of the SCI (see id.; People v Donnelly, 23 AD3d 921, 921-922 [2005]; see also People v Page, 88 NY2d 1, 6-10 [1996]). As a result, we need not reach defendant's remaining contentions.
Egan Jr., J.P., Clark, Mulvey and Devine, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: Defendant's jurisdictional challenge is not precluded by his guilty plea, and it is not subject to the preservation requirement (see People v Zanghi, 79 NY2d 815, 817 [1991]; People v Boston, 75 NY2d 585, 589 n [1990]; People v Gannon, 167 AD3d 1163, 1164 [2018]).