People v Rickman (2022 NY Slip Op 05112)

People v Rickman

2022 NY Slip Op 05112

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

112829
[*1]The People of the State of New York, Respondent,
v
Zeader L. Rickman, Appellant.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Eric M. Galarneau, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered December 22, 2020, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
In December 2019, defendant was charged in two felony complaints with criminal possession of a controlled substance in the third degree. After his arrest, defendant was held for action of the grand jury and, on August 3, 2020, he appeared in County Court. At that appearance, defendant purportedly waived indictment and agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the third degree. In satisfaction thereof, defendant then pleaded guilty to attempted criminal possession of a controlled substance in the third degree and waived his right to appeal. County Court sentenced defendant, as a second felony drug offender, to four years in prison followed by two years of postrelease supervision. Defendant appeals.
Defendant contends that his waiver of indictment was invalid, requiring vacatur of his guilty plea. We agree. A defendant "may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" and "such waiver shall be evidenced by [a] written instrument signed by the defendant in open court in the presence of his or her counsel" (NY Const, art I, § 6; see CPL 195.20).[FN1] The record contains a written waiver of indictment signed by defendant and witnessed by counsel on August 3, 2020, the date he appeared before County Court and entered his guilty plea. The minutes of that appearance reflect that defendant orally agreed to waive indictment and affirmed that his signature is on the written waiver, but the minutes are silent as to whether defendant signed the written waiver in open court. Moreover, there is no reference in the written waiver or in County Court's order approving the waiver that indicates that the waiver was signed in open court. In light of this jurisdictional defect, defendant's guilty plea must be vacated and the superior court information must be dismissed (see People v Eulo, 156 AD3d 720, 721 [2d Dept 2017]; People v Catnott, 92 AD3d 977, 978 [3d Dept 2012]; People v McGregor, 44 AD3d 1089, 1090 [3d Dept 2007]; People v Donnelly, 23 AD3d 921, 921-922 [3d Dept 2005]; compare People v Myers, 32 NY3d 18, 21 [2018]; People v Edwards, 181 AD3d 1054, 1055 [3d Dept 2020], lv denied 35 NY3d 1026 [2020]; People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]; People v Wicks, 42 AD3d 585, 585 [3d Dept 2007]).
Garry, P.J., Lynch, Aarons and Fisher, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information is dismissed.

Footnotes

Footnote 1: "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved for review by a motion to withdraw the plea" (People v Donnelly, 23 AD3d 921, 922 [3d Dept 2005] [citations and footnote omitted]).