People v Camlin (2023 NY Slip Op 01821)

People v Camlin

2023 NY Slip Op 01821

Decided on April 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 6, 2023

112601
[*1]The People of the State of New York, Respondent,
v
Stacy Camlin, Appellant.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered May 31, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.
In January 2019, defendant was charged in felony complaints with two counts of criminal sale of a controlled substance in the third degree and two counts of criminal possession of a controlled substance in the third degree stemming from the alleged sale of cocaine on two occasions, and held for action of the grand jury. On March 29, 2019, pursuant to a plea agreement that included a waiver of appeal, defendant appeared and agreed to waive indictment and a written waiver of indictment bearing that date, signed by defendant and defense counsel, was presented to County Court. Defendant agreed to be prosecuted by a superior court information charging him with criminal possession of a controlled substance in the fifth degree and, in satisfaction thereof, he pleaded guilty to that charge. The court sentenced defendant as a second felony offender to a prison term of 2½ years to be followed by 1½ years of postrelease supervision. Defendant appeals.
In addition to challenging the validity of the waiver of appeal [FN1] and guilty plea, defendant argues that his waiver of indictment was invalid.[FN2] We find merit to this contention. A defendant "may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney" provided that "such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel" (NY Const, art l, § 6 [emphases added]; see CPL 195.20; People v Myers, 32 NY3d 18, 21 [2018]; People v Boston, 75 NY2d 585, 587-588 [1990]). Although the record reflects that defendant orally agreed to waive indictment in open court and contains a written waiver of indictment bearing the date of that appearance, which defendant and defense counsel acknowledged signing, the minutes do not demonstrate that defendant signed the waiver in open court, as constitutionally mandated. "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved for review by a motion to withdraw the plea" (People v Donnelly, 23 AD3d 921, 922 [3d Dept 2005] [citations and footnote omitted]; see People v Rickman, 208 AD3d 1389, 1390 [3d Dept 2022]; People v Eulo, 156 AD3d 720, 720-721 [2d Dept 2017]). Moreover, neither the written waiver of indictment, to which the District Attorney executed consent on March 11, 2019, nor County Court's undated order approving the waiver, indicates that the waiver was signed in open court (compare People v Myers, 32 NY3d at 21; People v Bryant, 207 AD3d 886, 888 [3d Dept 2022]; People v Ramos, 189 AD3d 586, 586 [1st Dept 2020], lv denied [*2]36 NY3d 1059 [2021]). In light of this jurisdictional defect, defendant's guilty plea must be vacated and the superior court information must be dismissed (see People v Rickman, 208 AD3d at 1390; People v Catnott, 92 AD3d 977, 978 [3d Dept 2012]; People v Donnelly, 23 AD3d at 922-923).
Clark, J.P., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information is dismissed.

Footnotes

Footnote 1: This Court has previously held that a similar appeal waiver colloquy and written waiver of appeal were invalid as overly broad (see People v Katoom, 205 AD3d 1132, 1133 [3d Dept 2022]; People v Winters, 196 AD3d 847, 848 -849 [3d Dept 2021], lv denied 37 NY3d 1030 [2021]).

Footnote 2: The People did not address this point in their appellate brief.