People v Berry (2023 NY Slip Op 06410)

People v Berry

2023 NY Slip Op 06410

Decided on December 14, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 14, 2023

112891
[*1]The People of the State of New York, Respondent,
v
Earl Berry, Appellant.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Sandra M. Colatosti, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered February 1, 2021, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.
In September 2020, defendant was charged in a felony complaint with failing to register as a sex offender and held for action by the grand jury. On November 19, 2020, pursuant to a plea agreement that included a waiver of appeal, defendant appeared and agreed to waive indictment and be prosecuted by a superior court information charging him with failure to register as a sex offender. During that appearance, a written waiver of indictment bearing a different date, signed by defendant and defense counsel, was presented to County Court. Then, in full satisfaction of the superior court information, defendant pleaded guilty to failure to register as a sex offender. Consistent with the terms of the plea agreement, County Court thereafter sentenced defendant to a nine-month term of incarceration in local jail. Defendant appeals.
In addition to challenging the voluntariness of his guilty plea, defendant argues, and the People concede, that his waiver of indictment is invalid. We agree. A defendant "may waive indictment by a grand jury and consent to be prosecuted on an information filed by the district attorney," and "such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel" (NY Const, art I, § 6 [emphasis added]; see CPL 195.20; People v Myers, 32 NY3d 18, 21 [2018]; People v Boston, 75 NY2d 585, 587-588 [1990]). Although the record reflects that defendant orally agreed to waive indictment in open court on November 19, 2020, the written waiver of indictment, which defendant and defense counsel acknowledged signing, is dated November 17, 2020, and the minutes do not demonstrate that defendant signed the waiver in open court, as constitutionally mandated. "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved for review by a motion to withdraw the plea" (People v Camlin, 215 AD3d 1013, 1014 [3d Dept 2023] [internal quotation marks and citations omitted]). "Moreover, neither the written waiver of indictment, to which the District Attorney executed consent on [October 14, 2020], nor County Court's undated order approving the waiver, indicates that the waiver was signed in open court" on November 19, 2020 (id.; compare People v Myers, 32 NY3d at 21; People v Bryant, 207 AD3d 886, 888 [3d Dept 2022]). "In light of this jurisdictional defect, defendant's guilty plea must be vacated and the superior court information must be dismissed" (People v Camlin, 215 AD3d at 1014; see People v Rickman, 208 AD3d 1389, 1390 [3d Dept 2022]; People v Catnott, 92 AD3d 977, 978 [3d Dept 2012]).
Clark[*2], Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information is dismissed.