People v Patterson (2024 NY Slip Op 02729)

People v Patterson

2024 NY Slip Op 02729

Decided on May 16, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 16, 2024

113372
[*1]The People of the State of New York, Respondent,
v
Kurtis Patterson, Appellant.

Calendar Date:April 19, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Adam G. Parisi, Schenectady, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered October 27, 2021, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant was charged in felony complaints with several crimes, including rape in the first degree. Thereafter, pursuant to the terms of a plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with rape in the first degree, with the understanding that he would be sentenced to 11 years in prison to be followed by a term of postrelease supervision. The terms of the plea agreement also required defendant to waive the right to appeal. County Court thereafter sentenced defendant to 11 years in prison, to be followed by 20 years of postrelease supervision. Defendant appeals.
Defendant's sole contention on appeal is that his waiver of indictment is jurisdictionally defective because the record does not reflect that he executed the written waiver in open court in the presence of counsel (see NY Const, art I, § 6; CPL 195.20). Although the plea allocution minutes are silent regarding the circumstances under which defendant executed the waiver, the minutes reflect that County Court explained the waiver and its ramifications and defendant acknowledged that he understood that he was relinquishing his right to have the matter presented to a grand jury. The waiver itself indicates that it was signed by defendant and witnessed by counsel on the date of the plea allocution, and County Court's order approving the waiver expressly states that defendant executed the waiver in open court in the presence of counsel. Accordingly, we are satisfied that defendant's waiver of indictment is valid (see People v Myers, 32 NY3d 18, 21 [2018]; People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]; People v Wicks, 42 AD3d 585, 585 [3d Dept 2007]).
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.