People v Trapani (2024 NY Slip Op 05846)

People v Trapani

2024 NY Slip Op 05846

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

113102
[*1]The People of the State of New York, Respondent,
v
Damian Trapani, Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Eric M. Galarneau, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered June 22, 2021, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant agreed to waive indictment and be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with one count of burglary in the third degree. Pursuant to a plea agreement, defendant pleaded guilty to the charged crime with the understanding that he would be allowed to participate in a drug treatment court program. The agreement contemplated that defendant would be sentenced to a term of probation if successful in treatment but that, if he was not, he could be sentenced, as a second felony offender, to a prison term of up to 3½ to 7 years. The agreement also required defendant to waive his right to appeal. Defendant was ultimately terminated from the treatment program, after which County Court sentenced him to a prison term of 2 to 4 years. This appeal ensued.
The NY Constitution generally requires "that no person shall be held to answer for an infamous crime unless upon indictment of the [g]rand [j]ury" (People v Boston, 75 NY2d 585, 587 [1990], citing NY Const, art I, § 6). An exception exists for individuals held for grand jury action upon charges for certain offenses, and such a defendant is permitted to waive indictment and consent to be prosecuted by an SCI so long as he or she has "the consent of the district attorney" to do so and "such waiver [is] evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel" (NY Const, art I, § 6; see People v Boston, 75 NY2d at 588). CPL article 195, which was enacted to implement those constitutional requirements, also "specifies that a defendant may waive indictment and consent to be prosecuted by SCI when a local court has held the defendant for the action of a grand jury, the defendant is not charged with a class A felony, and the [d]istrict [a]ttorney consents to the waiver" (People v Thomas, 34 NY3d 545, 568 [2019]; see CPL 195.10, 195.20; People v D'Amico, 76 NY2d 877, 879 [1990]). "Compliance with this unequivocal [constitutional and statutory] dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved for review by a motion to withdraw the plea" (People v Donnelly, 23 AD3d 921, 922 [3d Dept 2005] [citations and footnote omitted]; see People v Solomon, 39 NY3d 1114, 1115 [2023]; People v Berry, 222 AD3d 1109, 1109-1110 [3d Dept 2023]).
The People concede, and our review of the record confirms, that defendant's waiver of indictment did not comply with those requirements. The plea minutes are silent as to when the undated waiver was executed by defendant, and during the colloquy County Court referred to defendant as having "signed" the waiver in the past tense (compare [*2]People v Rupp, ___ AD3d ___ [3d Dept 2024] [decided herewith], with People v Patterson, 227 AD3d 1231, 1232 [3d Dept 2024], lv denied ___ NY3d ___ [Oct. 30, 2024], and People v Simmons, 110 AD3d 1371, 1372 [3d Dept 2013]). Neither the waiver nor the plea colloquy confirms that defendant signed the written waiver in the presence of counsel. Further, although County Court indicated in the undated order approving the waiver that it was generally satisfied that the requirements of CPL 195.10 and 195.20 had been met, nothing in the order explicitly confirms "that the waiver was signed in open court" in the presence of counsel (People v Rickman, 208 AD3d 1389, 1390 [3d Dept 2022]; see People v Berry, 222 AD3d at 1110; People v Camlin, 215 AD3d 1013, 1014 [3d Dept 2023]; compare People v Lunt, ___ AD3d ___ [3d Dept 2024] [decided herewith]). Thus, in contrast to People v Lunt (___ AD3d ___ [decided herewith]), the record does not reflect that defendant's waiver of indictment passes constitutional and statutory muster, and it follows that defendant's guilty plea must be vacated and the underlying SCI dismissed (see People v Berry, 222 AD3d at 1110; People v Camlin, 215 AD3d at 1014; People v Rickman, 208 AD3d at 1390). In view of the foregoing, defendant's challenge to the validity of his waiver of the right to appeal is academic.
Garry, P.J., Aarons, Lynch and Ceresia, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information is dismissed.