People v Rupp (2024 NY Slip Op 05845)

People v Rupp

2024 NY Slip Op 05845

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

113049
[*1]The People of the State of New York, Respondent,
v
Peter J. Rupp, Appellant.

Calendar Date:October 17, 2024

Before:Garry, P.J., Egan Jr., Aarons, Lynch and Ceresia, JJ.

Erin C. Morigerato, Albany, for appellant.
G. Scott Walling, Special Prosecutor, Slingerlands, for respondent.

Ceresia, J.
Appeal from a judgment of the County Court of Saratoga County (James A. Murphy III, J.), rendered May 14, 2021, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.
In December 2020, defendant was charged in a felony complaint with various instances of criminal conduct, including criminal contempt in the first degree and stalking, for allegedly contacting the victim on numerous occasions in violation of an order of protection. Defendant was held for action of the grand jury. On March 9, 2021, defendant made a virtual court appearance from the Saratoga County jail — due to the COVID-19 pandemic — and agreed to waive indictment and be prosecuted by a superior court information (hereinafter SCI) charging him with criminal contempt in the first degree. In satisfaction thereof, defendant pleaded guilty to that charge and waived his right to appeal. County Court denied defendant's subsequent request to withdraw his plea and sentenced him, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals.
Defendant contends, and the People concede, that the waiver of indictment is invalid, requiring that the plea be vacated. When a defendant waives indictment by a grand jury and consents to be prosecuted on an information filed by the district attorney, "such waiver shall be evidenced by written instrument signed by the defendant in open court in the presence of his or her counsel" (NY Const, art I, § 6 [emphasis added]; see CPL 195.20; People v Myers, 32 NY3d 18, 21 [2018]; People v Camlin, 215 AD3d 1013, 1013-1014 [3d Dept 2023]). "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved for review by a motion to withdraw the plea" (People v Berry, 222 AD3d 1109, 1109-1110 [3d Dept 2023] [internal quotation marks and citations omitted]).
Here, defendant orally waived indictment at the court appearance on March 9, 2021 and agreed to be prosecuted by way of an SCI but informed County Court that he had left the written indictment waiver in his cell. The court nevertheless accepted defendant's oral waiver of indictment and filed the SCI, advising defendant to read the written waiver of indictment and any other relevant documents following the proceedings, then sign and return them to the court. As the record reflects that defendant did not execute the written waiver of indictment in open court and in the presence of his counsel on March 9, 2021, "defendant's guilty plea must be vacated and the [SCI] must be dismissed" (People v Camlin, 215 AD3d at 1014; accord People v Berry, 222 AD3d at 1110; People v Rickman, 208 AD3d 1389, 1390 [3d Dept 2022]).
Garry, P.J., Egan Jr., Aarons and Lynch, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.