People v Smith (2025 NY Slip Op 05902)

People v Smith

2025 NY Slip Op 05902

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Ind No. 279/20 SCI No. 48/19|Appeal No. 4982-4982A|Case No. 2021-03101|

[*1]The People of the State of New York, Respondent,
v
Precila Smith Also Known as Precilla Aviles, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Raymond L. Bruce, J., and Michael Gross, J., at pleas; Michael Gross, J., at sentencing), rendered August 10, 2021, convicting defendant upon her pleas of guilty of robbery in the third degree and petit larceny under Superior Court Information (SCI) No. 48/2019, and robbery in the first degree under indictment No. 279/2020, and sentencing her to an aggregate term of five years, followed by five years of postrelease supervision, unanimously reversed, on the law, defendant's pleas vacated, and the case remanded for further proceedings.
Defendant's waiver of indictment under SCI No. 48/2019 was invalid. Under CPL 195.20, a waiver of indictment "shall be evidenced by a written instrument" which "shall be signed by the defendant in open court in the presence of [her] attorney. The consent of the district attorney shall be endorsed thereon." "Compliance with this unequivocal dictate is indispensable to a knowing and intelligent waiver and the failure to adhere to this strict procedure is a jurisdictional defect which survives a guilty plea and appeal waiver and need not be preserved" (People v Berry, 222 AD3d 1109, 1109-1110 [3d Dept 2023] [internal quotation marks omitted]; see People v Verrone, 266 AD2d 16, 18 [1st Dept 1999], appeal withdrawn 94 NY2d 868 [1999]). Compliance is determined by assessing whether the record as a whole demonstrates that defendant signed the waiver in open court in the presence of her attorney (CPL 195.20; see People v Mora, 227 AD3d 553, 553 [1st Dept 2024], lv denied 42 NY3d 929 [2024]). Additionally, where the plea minutes do not show that there was a colloquy about the waiver, the waiver may still be valid when there is evidence that it was signed by the defendant on the same date as the plea (see People v Myers, 32 NY3d 18, 21 [2018]; People v Thompson, 234 AD3d 418, 418-419 [1st Dept 2025], lv denied 43 NY3d 947 [2025]).
The record fails to demonstrate compliance with CPL 195.20. There is no evidence that defendant signed the indictment waiver in open court when the plea was entered because it is not dated as the same day as the plea. The court's order affirming compliance with CPL 195.10 and 195.20 is also not dated and the court did not confirm on the record that defendant signed the waiver or make any reference whatsoever to it at the time of the plea. The facts in this case are distinguishable from those in the cases cited by the People (see Thompson, 234 AD3d at 419 [written waiver dated same day as the plea proceeding]; People v Ramos, 189 AD3d 586, 586 [1st Dept 2020], lv denied 36 NY3d 1059 [2021] ["entire waiver colloquy took place in open court" and the written waiver was dated the same day as the plea proceeding]; Mora, 227 AD3d at 553 [record as a whole, including the defendant's confirmation that he was waiving indictment, a brief off-the-record discussion, and court's explanation of rights being waived, demonstrated compliance with CPL 195.20]).
The failure to comply with CPL 195.20 is a jurisdictional defect that requires reversal of the judgment of conviction and dismissal of the superior court information (see NY Const, art I, § 6; People v Pierce, 14 NY3d 564, 574-575 [2010]; People v Rivera, 24 AD3d 367, 369 [1st Dept 2005]; People v Eulo, 156 AD3d 720, 721 [2d Dept 2017]).
Further, dismissal of the information necessitates dismissal of defendant's subsequent plea under indictment No. 279/2020. Defendant pleaded guilty to first-degree robbery in exchange for a sentence of five years' incarceration and five years' postrelease supervision, to run concurrently with the sentence for SCI No. 48/2019. Where, as here, a defendant's guilty plea is "induced by the understanding that the sentence would be concurrent with the sentence imposed for [the prior] conviction, since set aside, the plea must be vacated" (People v Fuggazzatto, 62 NY2d 862, 863 [1984]; see People v Rowland, 8 NY3d 342, 343 [2007]; People v Vasquez, 66 AD3d 577, 578 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025