People v Black (2026 NY Slip Op 00593)

People v Black

2026 NY Slip Op 00593

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

SCI No. 390/21|Appeal No. 5773|Case No. 2021-03194|

[*1]The People of the State of New York, Respondent,
vMarkiem Black, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (J.M. Boselli of counsel), for appellant.

Judgment, Supreme Court, Bronx County (Jeffrey Rosenblueth, J.), rendered August 17, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to five-year term of probation, unanimously reversed, on the law, the plea vacated, the Superior Court Information dismissed, and the case remanded for further proceedings on the felony complaint.
Article I, § 6 of the New York State Constitution provides that "no person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury." The Constitution further provides that a defendant may waive prosecution by indictment, as long as the waiver is "evidenced by written instrument signed by the defendant in open court and in the presence of his or her counsel" (id.), and CPL 195.20[a]-[d] codifies the procedure for waiving indictment. Court of Appeals' precedent "makes clear that the parties must comply with the constitutional and statutory requirements relating to waiver of indictment" (People v Pierce, 14 NY3d 564, 570 [2010]). "Compliance with the constitutionally-specified waiver mechanism establishes the prima facie validity of the waiver of the right to prosecution by indictment" (People v Myers, 32 NY3d 18, 23 [2018]).
During the Covid-19 pandemic, defendant orally agreed at a virtual appearance to waive indictment and be prosecuted by the SCI charging him with fifth-degree drug possession, technical issues prevented him from signing the waiver and the court initialed the waiver on defendant's behalf. As the People concede, the court's initials on the waiver did not satisfy the constitutional and statutory requirement that defendant sign the waiver in open court (see Myers, 32 NY3d at 23; People v Eulo, 156 AD3d 720, 721 [2d Dept 2017]). Thus, the waiver of indictment was jurisdictionally defective, and defendant's guilty plea must be vacated, the SCI dismissed, and the case remanded for further proceedings on the felony complaint (see People v Zanghi, 79 NY2d 815, 816 [1991]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026